**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JAMES P. MORRISSEY,

    *Plaintiff,*

  v.

KRISTI NOEM, Secretary of Homeland
Security,

    *Defendant.*

Civil Action No. 25‑291 (SLS)

Judge Sparkle L. Sooknanan

## <u>MEMORANDUM OPINION</u>

James Morrissey is a Special Agent employed by the Department of Homeland Security (DHS). In 2021, he applied for two positions within DHS's Office of the Inspector General. He was interviewed but not selected for either position. He sued the Secretary of Homeland Security, alleging that these rejections constituted unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(a), and 42 U.S.C. § 1983. The Secretary has moved to dismiss. The Court grants that motion.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Mr. Morrissey works as a Special Agent for the Immigration and Customs Enforcement (ICE), a component of DHS. Compl. at 3, ¶ 7, ECF No. 1. He has worked for DHS since 1999. *Id.* Although his Complaint is not entirely clear, it seems that in the late 2000s, Mr. Morrissey reported to DHS Office of Inspector General (OIG) officials that a Customs and Border Protection (CBP)

officer had sexually assaulted multiple women. Compl. at 6, ¶ 10. Mr. Morrissey further raised

concerns that OIG officials failed to adequately respond to that report. *Id.*

In June 2021, Mr. Morrissey applied for a position as a Criminal Investigator for the DHS

OIG. Compl. at 4, ¶ 1. He then had two interviews for OIG positions, one for a position in the

Tucson office, and the other in the Dallas field office, Del Rio Branch. Compl. at 4, ¶¶ 3–4. During

these interviews, the interviewers asked him whether he had ever been the subject of an OIG

investigation. Compl. at 4, ¶ 5. Mr. Morrissey responded that he had, but that those investigations

were in retaliation for his whistleblowing activity. Compl. at 5, ¶¶ 6–8. He informed the

interviewers that he had previously filed two lawsuits and "several" complaints with Equal

Employment Opportunity (EEO) counselors related to those OIG investigations. Compl. at 16–17,

¶ 55. In December 2021, Mr. Morrissey was informed that he was not selected for either position.

Compl. at 6–7, ¶ 13.

Mr. Morrissey also applied for an OIG position in Washington, D.C. under a separate job

posting in October 2021. Compl. at 4, ¶ 2. He did not receive an interview, and he was informed

in January 2022 that was not selected for the position. *See* Compl. at 7, ¶ 14.

In February 2022, Mr. Morrissey filed a complaint with an EEO counselor, claiming that

"he was being retaliated against by DHS OIG officials for whistleblowing." Compl. at 7, ¶ 15. The

Equal Employment Opportunity Commission determined that no discrimination occurred. *See*

Compl. Attach. I at 1, ECF No. 1-1.

In January 2025, Mr. Morrissey sued the Secretary, bringing claims under Title VII and 42

U.S.C. § 1983. Compl. at 1. The Secretary moved to dismiss under Federal Rule of Civil

Procedure 12(b)(6). Def.'s Mot. Dismiss, ECF No. 3. That motion is fully briefed and ripe for

review. *See* Pl.'s Br. Opp'n Def.'s Mot. Dismiss, ECF No. 5; Def.'s Reply Supp. Mot. Dismiss, ECF No. 6.

## LEGAL STANDARD

Under Rule 12(b)(6), a court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Rule 12(b)(6), courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotations omitted). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. *See Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A *pro se* complaint is to be 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

The Secretary contends that Mr. Morrissey's Complaint fails to state a claim under both Title VII and Section 1983. The Court addresses each claim in turn.

### A.    Title VII

Mr. Morrissey's Complaint does not articulate how the denials of his job applications violated Title VII. In seeking dismissal, the Secretary addresses two potential Title VII theories—discrimination and retaliation—and argues that the Complaint is insufficient to state a claim under either theory. Mot. Dismiss at 2–3. The Court agrees.

"Title VII makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024) (quoting 42 U.S.C. § 2000e–2(a)(1)). "[T]he two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, [or] national origin[.]" *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008).

The Complaint does not state a Title VII discrimination claim. It is clear from the Complaint that Mr. Morrissey believes that he has been treated unfairly on account of his whistleblower activity. But the Complaint does not allege any fact suggesting that his non-selection for the OIG positions was related to Mr. Morrissey's race, color, religion, sex, or national origin. Indeed, as the Secretary observes, the Complaint does not even specify Mr. Morrissey's race, color, religion, or national origin. Mot. Dismiss at 2.

As for retaliation, to state a claim under Title VII, "a plaintiff must plausibly allege that (1) she engaged in statutorily protected activity, (2) she suffered a materially adverse action by her employer, and (3) the two are causally connected." *Spence v. Dep't of Vets. Affs.*, 109 F.4th 531, 539 (D.C. Cir. 2024) (cleaned up). "An activity is 'protected' for the purposes of a retaliation claim 'if it involves opposing alleged discriminatory treatment by the employer or participating in legal efforts against the alleged treatment.'" *Davis v. Gables Residential/H.G. Smithy*, 525 F. Supp. 2d 87, 100 (D.D.C. 2007) (quoting *Lemmons v. Georgetown Univ. Hosp.*, 431 F. Supp. 2d 76, 91 (D.D.C. 2006)).

The only conduct alleged in the Complaint that could conceivably constitute protected activity is the lawsuits and the EEO complaints that Mr. Morrissey disclosed during his interviews.

*See* Compl. at 16–17, ¶ 55. Even assuming that constitutes protected activity, the Complaint nevertheless fails to allege facts supporting an inference that Mr. Morrissey was not selected for the OIG positions because of that conduct. To survive a motion to dismiss, "a plaintiff must state allegations beyond the employer's mere knowledge of a protected activity." *Farrington v. Mayorkas*, No. 21-cv-3240, 2022 WL 16834018, at *3 (D.D.C. Nov. 9, 2022), *aff'd* No. 23-5006, 2025 WL 1042235 (D.C. Cir. Apr. 8, 2025). But Mr. Morrissey's Complaint alleges nothing more than that his interviewers knew about his lawsuits and complaints before they chose not to hire him. That is insufficient to support an inference that Mr. Morrissey was not selected because of that conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining that a complaint that alleges facts that "do not permit the court to infer more than the mere possibility of misconduct" is not sufficient to state a claim").

Indeed, Mr. Morrissey's Complaint and Opposition indicate that he believes the basis of the DHS retaliation against him is his whistleblowing conduct, not any actions he took to oppose discrimination forbidden by Title VII. Whistleblowers, however, are not a protected category under Title VII. *See* 42 U.S.C. § 2000e–16(a). So, retaliation against whistleblowers as such is not within the ambit of that law. *See id.* § 2000e–3(a). The Court observes that there are other laws that protect federal employees who engage in whistleblowing. The Whistleblower Protection Act (WPA), for instance, "provides most federal agency employees with protection against agency reprisals for whistleblowing activity, such as disclosing illegal conduct, gross mismanagement, gross wasting of funds, or actions presenting substantial dangers to health and safety." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) (citing 5 U.S.C. § 2302(b)(8)). An employee "who believes she is the victim of an unlawful reprisal must first bring her claim to the [Office of Special Counsel], which investigates the complaint." *Id.* Then the issue can be raised before the Merit

Systems Protection Board. *Id.* But "[u]nder no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Id.*

In sum, Mr. Morrissey's Complaint alleges no facts supporting an inference that he was discriminated against because of a characteristic protected by Title VII, nor that his non-selection was in retaliation for any conduct opposing discrimination forbidden by Title VII. His Title VII claim cannot proceed.

### B.    42 U.S.C. § 1983

Mr. Morrissey's Complaint also claims a violation of 42 U.S.C. § 1983. Compl. at 1. That statute "provides a right to action against a person acting under color of state law who subjects any citizen or causes any citizen to be subjected to deprivation of any right secured by the Constitution." *Jones v. Horne*, 634 F.3d 588, 594 n.2 (D.C. Cir. 2011). But Section 1983 "does not apply when federal officials act under color of federal law." *L. Xia v. Tillerson*, 865 F.3d 643, 658 (D.C. Cir. 2017). Because the allegedly wrongful refusal to hire Mr. Morrissey was perpetrated by federal officials under federal authority, rather than state officials under state authority, Section 1983 is inapplicable.

### CONCLUSION

For the foregoing reasons, the Court grants the Secretary's Motion to Dismiss, ECF No. 3. A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date:   October 30, 2025